IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TUBE CITY IMS, LLC,
a Delaware limited liability company,

    Plaintiff,

v.                                   Civil Action No. 5:12CV31
                                            (STAMP)
SEVERSTAL US HOLDINGS, LLC,
a Delaware limited liability company,
SEVERSTAL WHEELING HOLDING COMPANY,
a Delaware corporation,
SEVERSTAL DEARBORN, LLC,
a Delaware limited liability corporation,
and SEVERSTAL COLUMBUS, LLC,
a Delaware limited liability company,

    Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT,
GRANTING DEFENDANTS' MOTION TO FILE SURREPLY,
DENYING DEFENDANTS' MOTION TO FILE FURTHER OPPOSITION,
AND GRANTING PLAINTIFF'S MOTION TO FILE SURREBUTTAL**

I.   <u>Procedural History</u>

The plaintiff, Tube City IMS, LLC, ("Tube City") filed this civil action in the Circuit Court of Ohio County, West Virginia. Shortly after filing the case in that court, and prior to serving the defendants, Tube City filed an amended complaint as a matter of course. Tube City's amended complaint alleged that Severstal US Holding, LLC ("SUSH"), in concert with its subsidiaries, Severstal Dearborn, Inc. ("Severstal Dearborn") and Severstal Columbus, LLC ("Severstal Columbus") conspired to close their wholly owned subsidiary, Severstal Wheeling, Inc. ("Severstal Wheeling"),

despite the knowledge that such a closure would cause Severstal Wheeling to breach its mill services contract ("the OSA") with Tube City.

After Tube City served the defendants with the amended complaint, the defendants removed this civil action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. The parties then reached a stipulation wherein the defendants agreed to permit Tube City to file a second amended complaint so long as Tube City did not seek to join Severstal Wheeling Steel Group, Inc., a non-diverse party, to this civil action. This Court approved the stipulation, and Tube City filed a second amended complaint which joined defendant Severstal Wheeling Holding Company ("SWHC") to the case. Based upon the same factual allegations made in Tube City's two previous complaints and summarized above, the second amended complaint raises two causes of action. The first cause of action alleges tortious interference with contract against SUSH and SWHC. The second cause of action alleges civil conspiracy against all defendants.

In response to the second amended complaint, the defendants filed a motion to dismiss this case in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court denied that motion. However, as part of the briefing of that motion, Tube City voluntarily dismissed the civil conspiracy claim, which resulted in the dismissal of two defendants, Severstal

Dearborn and Severstal Columbus. As such, the two remaining defendants are SUSH and SWHC.

Tube City has now filed a motion for leave to file a third amended complaint. The motion was fully briefed. Thereafter, the defendants filed a motion to file surreply to Tube City's motion for leave to file a third amended complaint and a motion to file further opposition to Tube City's motion. Tube City responded by filing a motion to file surrebuttal.

## II. Facts

In its motion, Tube City argues that leave should be granted because: (1) the proposed complaint incorporates new information learned during discovery and elaborates on the allegations made in the second amended complaint, and (2) the third amended complaint conforms with this Court's order on March 6, 2013.[1] Further, Tube City contends that the defendants will not be prejudiced because discovery has not yet closed and because trial is not scheduled until September 2014.[2] The only change between the second amended complaint and the proposed complaint is the "second cause of action." In the proposed complaint, Tube City makes two claims for

---

[1]Tube City refers to this Court's finding in its order denying the defendants' motion to dismiss that the defendants' privilege to interfere in a contract defense is very fact specific and thus Tube City's complaint could not be dismissed at that time based on the defendants' defense. ECF No. 57 *10-15.

[2]Tube City filed its motion for leave to amend in April 2014 and the motion was fully briefed (including the surreply and surrebuttal) on May 23, 2014.

3

tortious interference with contract, the second being the changed portion of the complaint which takes the place of Tube City's dismissed count of civil conspiracy. In the new claim, Tube City alleges that SUSH refused to allow Severstal Wheeling to consider giving Tube City a price adjustment as ordered by the independent arbitrator and pursuant to the OSA between Tube City and Severstal Wheeling and thus defendants are liable for any part of the $3.9 million that cannot be recovered by Tube City.

In response, the defendants argue that this Court should deny the motion for leave to amend because they will be prejudiced and the amendment will be futile because it is barred by collateral estoppel and the applicable statute of limitations. First, the defendants contend that Tube City is collaterally estopped from asserting its new claim because the arbitrator has already rejected Tube City's claim that Severstal Wheeling breached or did not perform under the OSA by not agreeing to the proposed price adjustment because Tube City could not show bad faith.

Second, the defendants assert that the new claim is barred by the applicable two year statute of limitations because the statute of limitations began to run on June 17, 2009 and the claim was not asserted by Tube City until April 15, 2014. Further, even under the tolling agreement Tube City entered into with SUSH, the claim was only tolled until February 1, 2010, thus the claim had to have been brought by February 1, 2012. Finally, the claim cannot relate

4

back to the original complaint because there is no factual nexus between the new claim and the claims made in the original complaint. Lastly, the defendants argue that they would be prejudiced by the amendment because the parties have engaged in a lengthy period of discovery, there have been multiple rounds of motion practice, and the defendants would most certainly have to request at least another eight months of discovery in order to investigate the new claim.

In its reply, Tube City asserts that its claim is not futile because it has pled the four elements for a tortious interference of contract in its proposed complaint. Further, Tube City contends that it does not matter that the arbitrator did not treat Severstal Wheeling's failure to negotiate a price adjustment as a breach because SUSH prevented Severstal Wheeling from entering into a new contract by preventing Severstal Wheeling from negotiating a price adjustment. This, Tube City contends, is enough to allow the claim to proceed.

Next, Tube City argues that the statute of limitations has not been tolled because (1) Tube City can assert the discovery doctrine based on the new information learned during discovery and (2) Tube City's new claim relates back to the original complaint because the new claim "arises out of the conduct, transaction, or occurrence" of the original pleading. Finally, Tube City contends that the defendants will not be prejudiced because they were already aware

5

of the information underlying the new claim as the new claim is asserting the same cause of action previously asserted based on additional facts learned during discovery.

The defendants then filed a motion for leave to file a surreply. In that motion, the defendants assert that because Tube City's initial motion contained barely any material and its reply contained much more material, the defendants must request leave to file a surreply. In their surreply, the defendants argue that Tube City is estopped from proving an essential element of the new tortious interference claim, breach or nonperformance of contract, because the arbitrator has already ruled in the defendants' favor on that issue. Further, the defendants contend that Tube City cannot use the March 2009 electric arc furnace ("EAF") shutdown as the basis for its new claim because (1) that is the basis for the original claim and (2) the new claim is based on the price adjustment interference which is completely separate. Second, the defendants argue that Tube City has no other underlying breach because the arbitrator has already ruled that the defendants did not breach by not negotiating a price adjustment. Third, the defendants contend that Tube City has not pleaded a § 766 claim. Finally, the defendants assert that the parties did not enter into a new contract when negotiating the price adjustment but rather were only considering the original contract under the OSA standards. Further, the defendants argue that even if there was a

new contract, the claim would be futile because Tube City does not plead that the defendants were not privileged to interfere with their wholly owned subsidiary.

The defendants subsequently filed a motion in further opposition to the motion for leave to amend. The defendants assert that this motion was filed in order to add the deposition testimony of Joseph Curtin ("Curtin"), the current Executive Chairman of Tube City, to bolster their statute of limitations argument. Curtin testified during the deposition that in 2009, he held the conviction that the defendants prevented Severstal Wheeling from negotiating or granting the price adjustment. Thus, the defendants argue that this is further proof that the discovery rule cannot be invoked by Tube City and that the new amendment would be futile as the claim is barred by the statute of limitations.

In its surrebuttal, Tube City contends again that the defendants would not be prejudiced by the amendment because it is asserting a claim out of the same events that support Tube City's other claim. Further, Tube City reiterates that it has a cognizable claim because SUSH impeded the implementation of a new contract and the negotiation of a price under that contract. Additionally, Tube City argues that Pennsylvania law does not require an actual breach to prove tortious interference but only a causal connection to a contractual breach, thus, it does not matter that the arbitrator found that Severstal Wheeling did not breach

7

the contract by failing to negotiate a price adjustment. Finally, Tube City contends that the statute of limitations has not run because the defendants may not base their arguments on anything other than the complaint (thus they cannot use deposition testimony) and even if they do use the deposition of Curtin, that testimony was not competent.

III. Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

IV.  Discussion

A.  Motions for Leave to File Further Opposition or Support

   1.  Motion for Leave to File Surreply

The local rules of this Court state that a party should not file a surreply without first obtaining the permission of the court. L. R. Civ. P. 7.02(b)(4); Thomas v. Branch Banking & Trust Co., 443 F. Supp. 2d 806, 809 n.2 (N.D. W. Va. 2006). Generally, a surreply is permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief. Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial 12:110 (The Rutter Group 2008). See also Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."). If a court does not rely upon the new material raised in the opposing party's reply brief to reach its decision in a matter, then a surreply is superfluous and unnecessary. See e.g. EEOC v. LA Weight Loss, 509 F. Supp. 2d 527, 540 (D. Md. 2007) (denying the parties' motions to file surreplies because the court did not rely upon the new case law and evidence in making its decision); First Penn-Pacific Life Ins. Co. v. Evans, 162 F. Supp. 2d 423, 430 (D. Md. 2001) (denying plaintiff leave to file a surreply "[s]ince the Court will not be considering the

9

additional contentions advanced"). In those circumstances, a motion for leave to file a surreply should be denied.

Tube City's reply to the motion for leave to amend the complaint provides a much more in depth argument than that given in Tube City's initial motion. As this material was introduced for the first time by Tube City in its reply, the Court finds that leave to file a surreply must be granted. Further, this Court finds that it will rely on information provided in the surreply and thus such a filing is not superfluous or unnecessary.

    2.   <u>Motion for Leave to File Further Opposition</u>

The defendants' motion for leave to file further opposition is superfluous and unnecessary as this Court will not need to rely on the testimony of Curtin in finding that Tube City's motion for leave to amend its complaint should be denied. This Court will not be considering the defendants' argument as to a possible bar by the applicable statute of limitations. As such, the defendants' motion for leave to file further opposition is denied.

    3.   <u>Motion for Leave to File Surrebuttal</u>

Tube City asserts in its motion for leave to file surrebuttal that its motion should be granted as the defendants have now had three opportunities to address their opposition to Tube City's motion for leave to amend. This Court has taken into account Tube City's arguments in its surrebuttal as the defendants' surreply addressed issues that would require further response from Tube

City. As such, Tube City's motion for leave to file surrebuttal is granted.

B. <u>Motion for Leave to Amend Complaint</u>

This Court will review the parties arguments as to collateral estoppel as it finds that the application of collateral estoppel bars Tube City's amendment. Based on the analysis below, this Court finds that Tube City's motion for leave to amend its complaint must be denied.

The underlying arbitrator found that Wheeling-Pitt did not act in bad faith by refusing to negotiate price adjustments and further found that Tube City failed to prove bad faith on the part of Severstal Wheeling ("Wheeling") in idling the plant. Wheeling-Pitt is not part of this litigation. The new claim, that is the subject of the motion to amend, alleges that SUSH refused to allow Wheeling to consider giving Tube City a price adjustment as ordered by the independent arbitrator and pursuant to the OSA between Tube City and Severstal Wheeling and thus defendants are liable for any part of the $3.9 million that cannot be recovered by Tube City. The defendants assert that Tube City cannot amend its complaint because Tube City is collaterally estopped from asserting the new claim based on the arbitrator's decision that Wheeling did not act in bad faith.

The defendants contend that Tube City is collaterally estopped because the arbitrator has already rejected Tube City's claim that

11

Severstal Wheeling breached or did not perform under the contract by not agreeing to the proposed price adjustment because Tube City could not show bad faith. Tube City argues that it does not matter that the arbitrator did not treat Wheeling's failure to negotiate a price adjustment as a breach because SUSH prevented Wheeling from entering into a new contract by preventing Severstal Wheeling from negotiating a price adjustment and that is enough.

The defendants responded that the parties did not enter into a new contract when negotiating the price adjustment but rather were only considering the original contract under the OSA standards. Further, the defendants assert that even if there was a new contract, the claim would be futile because Tube City does not plead that the defendants were not privileged to interfere with their wholly owned subsidiary. Tube City argues that Pennsylvania law does not require an actual breach to prove tortious interference but only a causal connection to a contractual breach. Thus, Tube City contends that it does not matter that the arbitrator found that Severstal Wheeling did not breach the contract by failing to negotiate a price adjustment.

In a diversity action, federal courts apply the res judicata and collateral estoppel rules of the state in which the prior judgment was obtained. Kremer v. Chem. Const. Corp., 456 U.S. 461, 482 (1982). The parties in this action and this Court have applied

Pennsylvania law.[3]  Pennsylvania recognizes the right to collateral estoppel based on a prior arbitrator's order.  Derry Twp. Sch. Dist. v. Day & Zimmerman, Inc., 498 A.2d 928, 930 (Pa. Sup. Ct. 1985).  "Collateral estoppel may be asserted by a party to bar a claim based on an issue litigated in a previous action if 1) the issue underlying the claim is identical to the one previously litigated; 2) final judgment in the previous action was rendered on the merits of the issue; 3) the party against whom the estoppel is asserted was party to the previous action, or in privity with such a party; and 4) the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the previous action."  Id.

The elements at issue in this action are elements one and four.  The parties are in disagreement as to whether the first element is met as Tube City asserts that a new contract was entered separate from the OSA when Wheeling refused to negotiate price adjustments allegedly based on the direction of SUSH.  Thus, if the first element is not met, then Tube City would not have had an

---

[3]It is undisputed that Pennsylvania law governs Tube City's claim in this case.  Under the choice of law principles of West Virginia, the law of the state where Tube City suffered financial harm as a result of the conduct alleged in the complaint governs the case.  Tube City's place of business is Glassport, Pennsylvania, and accordingly, Tube City suffered any financial harm alleged in the complaint in Pennsylvania.  McKinney v. Fairchild Int'l, 487 S.E.2d 913 Syl. Pt. 6 (W. Va. 1997) ("'In general, this State adheres to the conflicts of law doctrine of lex loci delicti.'" (citation omitted)).

opportunity to litigate the issue it is attempting to add to its complaint and the fourth element would necessarily not be met either.

This Court finds, however, that Tube City's claim is the same as that made in the arbitration. The claim in arbitration was that Severstal Wheeling breached the OSA with Tube City when it refused to negotiate price adjustments even though the OSA contained an agreement that the parties would engage in a certain process when "significant and permanent changes" in production and recovery occurred. Thus, SUSH could only commit tortious interference with the OSA because the OSA contained the agreement for price adjustments. Tube City's claim that the parties were negotiating a new contract is thus without merit given the fact that the OSA contained a specific pricing modification scheme which Tube City raised itself during arbitration. As such, this Court finds that the elements for collateral estoppel have been met.

The necessary elements of a cause of action for tortious interference are "(1) the existence of a contractual relationship between the complainant and a third party; (2) an intent on the part of the defendant to harm Tube City by interfering with that contractual relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage as a result of defendant's conduct." <u>Walnut St. Associates, Inc. v. Brokerage Concepts, Inc.</u>, 982 A.2d 94, 98 (Pa.

14

Super. Ct. 2009), aff'd, 610 Pa. 371, 20 A.3d 468 (2011). The Pennsylvania Superior Court has found that the materiality of the breach of contract to allow a non-breaching party to cease performance may be considered pursuant to the third element above. Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P., 2012 PA Super 71, 40 A.3d 1261, 1276 (Pa. Super. Ct. 2012) (denying motion for summary judgment where the third element was not met because "open questions of law and fact remain[ed] regarding whether [defendant] has a contractual or privilege-related defense to [plaintiffs'] claim of breach . . . ."). Id. However, breach of contract is not an actual element that must be proven for a tortious interference claim. On the other hand, a breach of contract has been held to, by itself, not constitute enough to support a tortious interference claim. Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania, 2010 PA Super 175, 7 A.3d 278, 289 (Pa. Super. Ct. 2010) (finding that in "garden variety" breach of contract claims the element of intent is missing).

"In determining whether an actor's conduct in intentionally interfering with a contract . . . is improper or not, consideration is given to the following factors: (a) the nature of the actor's conduct; (b) the actor's motive; (c) the interests of the others with which the actor's conduct interferes; (d) the interests sought to be advanced by the actor; (e) the social interests in protecting the freedom of action of the actor and the contractual interests of

15

the other; (f) the proximity or remoteness of the actor's conduct to the interference; and (g) the relations between the parties." Phillips v. Selig, 959 A.2d 420, 429-30 (Pa. Super. Ct. 2008).

Based on the above, this Court finds that the arbitration claim posed by Tube City is the same as the claim being made in this context and thus Tube City's amendment would be futile. Given the requirement of intent, it appears that the finding of bad faith by the arbitrator is supportive of the defendants' arguments that the intent element for tortious interference is not met in this case as it applies to the proposed price adjustment claim.

## V. Conclusion

For the reasons described above, Tube City's motion for leave to amend the second amended complaint (ECF No. 85) is DENIED. Further, the defendants' motion for leave to file surreply (ECF No. 99) is GRANTED. The defendants' motion for leave to file further opposition (ECF No. 101) is DENIED. Finally, Tube City's motion for leave to file surrebuttal (ECF No. 102) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: September 4, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE