IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TUBE CITY IMS, LLC,
a Delaware limited liability company,

    Plaintiff,

v.                                        Civil Action No. 5:12CV31
                                                         (STAMP)

SEVERSTAL US HOLDINGS, LLC,
a Delaware limited liability company,
SEVERSTAL WHEELING HOLDING COMPANY,
a Delaware corporation,
SEVERSTAL DEARBORN, LLC,
a Delaware limited liability corporation,
and SEVERSTAL COLUMBUS, LLC,
a Delaware limited liability company,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**CONFIRMING PRONOUNCED ORDER OF THE COURT**
**DENYING PLAINTIFF'S MOTION FOR PREJUDGMENT ATTACHMENT**

I.  Procedural History

The plaintiff, Tube City IMS, LLC ("plaintiff") filed this civil action in the Circuit Court of Ohio County, West Virginia. The defendants removed this civil action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. The parties then reached a stipulation wherein the defendants agreed to permit the plaintiff to file a second amended complaint.[1] In the second amended complaint, the plaintiff alleges tortious interference with contract against Severstal US Holdings, LLC ("SUSH") and Severstal Wheeling Holding Company ("SWHC") and civil

---

[1] An amended complaint had previously been filed in state court.

conspiracy against all defendants.  The plaintiff then voluntarily dismissed the civil conspiracy claim, which resulted in the dismissal of two defendants, Severstal Dearborn, LLC ("Severstal Dearborn") and Severstal Columbus, LLC ("Severstal Columbus").  As such, the two remaining defendants are SUSH and SWHC.

The plaintiff then filed a motion for prejudgment attachment on September 8, 2014, on the basis that it was entitled to a prejudgment attachment and sequestration pursuant to Federal Rules of Civil Procedure 64 and the West Virginia statute on prejudgment attachment, W. Va. Code § 37-8-1, or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.  In order to accommodate this Court's schedule, the trial schedule, and the pending sale at issue which was set to occur as early as September 15, 2014, this Court scheduled an immediate hearing.  The hearing was held on September 9, 2014.  Upon consideration of the plaintiff's briefing and the arguments set forth during the motion hearing by all parties, this Court, at the conclusion of the hearing, denied the plaintiff's motion for prejudgment attachment.  This Court sets forth those findings in more detail.

## II. Facts

In its motion for attachment, the plaintiff raises the applicability of Rules 64 and 65.  Moreover, the plaintiff raises the applicability of Rule 64 in conjunction with the West Virginia statute on prejudgment attachment, W. Va. Code § 37-8-1.

2

The plaintiff requests in its motion that this Court:

(1) direct SUSH to cause Columbus Holdings to set aside and escrow $170,500,000.00 from the proceeds of the sale of Severstal Columbus and Severstal Dearborn until the conclusion of this action or
(2) SUSH may, at its sole discretion, issue a letter of credit to Tube City from an accredited U.S. Bank in the amount of $170,500,000.00 which shall stay in place until the conclusion of this action.

ECF No. 8. The plaintiff argues that this Court may accomplish the above either through attachment, sequestration, or through a preliminary injunction.

At the hearing on the motion for prejudgment attachment, the defendants contended that this Court does not have the power to grant plaintiff's motion as it pertains to Rule 65 because the United States Supreme Court has barred preliminary injunctive relief for actions which involve legal remedies. Citing Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). Further, the defendants asserted that this Court lacks jurisdiction, under the plaintiff's Rule 64 argument, because the property the plaintiff is seeking to attach is outside of West Virginia and thus, this Court lacks authority to render an attachment order. Additionally, the defendants informed the Court that the sale of the property at issue would occur in Detroit, Michigan and would likely occur on September 15, 2014.

The plaintiff then sought to rebut the defendants' arguments made at the hearing for prejudgment attachment. The plaintiff, at the hearing, contended that as to the preliminary injunction, more

recent decisions in the wake of the Supreme Court precedent indicate that in some actions where a legal remedy is sought, preliminary injunctions may be issued as to legal remedies. The plaintiff asserts that if it is so clear that a plaintiff will not have a legal remedy because the defendant will abscond from a judgment, then as a practical matter, the only remedy available is an equitable one. Additionally, the plaintiff asserted that it has shown that it is likely to succeed on the merits in this action and has thus met all of the elements required for the issuance of a Rule 65 preliminary injunction.

Further, the plaintiff asserted at the hearing that it believes that the right to attachment, in this case, leads to the defendants having to protect any property ordered to be attached to be protected through the remedy of sequestration. Thus, the plaintiff argued that the remedy of attachment, through the West Virginia statute, also leads to the availability of sequestration.

### III. Applicable Law

A. Attachment and Sequestration

Rule 64 of the Federal Rules of Civil Procedure provides that:

> during the court of an action, all remedies providing for seizure for person or property for the purpose of securing satisfaction of judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . The remedies thus available include . . . attachment . . . sequestration . . . and other corresponding or equivalent remedies . . . .

4

Accordingly, in this action, West Virginia law regarding prejudgment attachment applies. Specifically, West Virginia Code § 38-7-1 states that a party seeking recovery for a claim arising out of contract may seek an order of attachment against the property of the defendant. However, the court considering attachment must conduct a hearing "to ascertain specific facts as to the nature of the obligation under which the plaintiff claims a right to possession, and to establish the facts justifying the seizure, under one or more of the grounds set forth in section two . . . of this article." W. Va. Code § 38-7-1.

B.  Preliminary Injunction

The United States Court of Appeals for the Fourth Circuit has recognized that "preliminary injunctions are extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1992)) (internal quotations omitted).

Until 2008, the Fourth Circuit followed the four-factor Blackwelder test in determining whether a preliminary injunction should be granted. See Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc., 550 F.2d 189 (4th Cir. 1977). These factors were: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is not granted; (2) the likelihood of harm

to the defendant if the preliminary injunction is granted; (3) the likelihood that plaintiff will succeed on the merits; and (4) the public interest." Id. at 193. In light of the Supreme Court's ruling in Winter v. Natural Resources Defense Council, Inc., 55 U.S. 7 (2008), however, the Fourth Circuit has abandoned this Blackwelder test in favor of the stricter approach in Winter.

In The Real Truth About Obama, Inc., the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a temporary restraining order or preliminary injunction should issue based on the Supreme Court's ruling in Winter. 575 F.3d 342 (4th Cir. 2009). The four factors that the plaintiff must establish to obtain a preliminary injunction under this test are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

Id. at 346 (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)).

The issuance of a preliminary injunction is committed to the sound discretion of the district court. Conservation Council of North Carolina v. Costanzo, 505 F.2d 498, 502 (4th Cir. 1974).

## IV. Discussion

### A. Attachment and Sequestration

"The remedy by attachment, being authorized alone by statute and in derogation of the common law, and, moreover, being summary in its effects and liable to be abused and used oppressively, its application will be carefully guarded by the courts and it will be confined strictly within the limits prescribed by the statute." De Lung v. Baer, 189 S.E. 94, 95 (W. Va. 1936) (citing Delaplain v. Armstrong, 21 W. Va. 211 (1882)). In regards to this strict policy, this Court requested that the plaintiff provide support within West Virginia case law, or the West Virginia attachment statute itself, which mentioned that sequestration was a remedy provided by the statute. The plaintiff was unable to provide support and this Court cannot assume that such support exists or that the statute provides sequestration as a remedy.

Further, the Supreme Court has held that "the basis of the jurisdicton [sic] is the presence of the subject property within the territorial jurisdiction of the forum State." Hanson v. Denckla, 357 U.S. 235, 246 (1958) (citations omitted). Moreover, "[t]angible property poses no problem for the application of [the rule above]." Id. The defendants have stated that the transaction is going to occur and that the property at issue is not present in West Virginia but rather out-of-state. The plaintiff concurred in the recitation of the facts at the hearing. As such, this Court

7

may not grant the plaintiff's motion for attachment which requests that this Court set an encumbrance on extraterritorial property outside of West Virginia. See GM Gold & Diamonds LP v. Fabrege Co., Inc., 489 F. Supp. 2d 725, 727-28 (S.D. Tex. 2007).[2]

B. Preliminary Injunction

As an initial matter, the Supreme Court has held that a preliminary injunction is not available in an action wherein the plaintiff is seeking a legal remedy rather than one in equity. Grupo Mexicano de Desarrollo S.A., 527 U.S. at 332-33. In this action, the plaintiff is clearly seeking monetary relief from the defendants. Thus, the plaintiff must overcome this hurdle to proceed to the consideration of the four-factor preliminary injunction test. The plaintiff contends that it has overcome this hurdle because it seeks disgorgement of funds as an alternative remedy. Further, the plaintiff argues that the assets at issue in this action are about to be fraudulently conveyed beyond the reach of this Court and thus, this Court may allow a prejudgment attachment despite the apparent Grupo Mexicano bar.

Given these assertions, this Court went on to consider the merits of the plaintiff's preliminary injunction claim without finding that the plaintiff's argument that Grupo Mexicano is not a

---

[2]The Southern District of Texas cited the following cases which held the same: Federal Deposit Ins. Corp v. Rodenberg, 622 F. Supp. 286, 288 (D. Md. 1985); Saltzman v. Indemnity Ins. Co., 274 N.Y.S. 806, 807 (Sup. Ct. 1934); Stricklin v. Hodgen, 172 S.E. 770, 772 (1934).

8

full bar to the plaintiff's motion. The first element that the plaintiff was required to show was that it is likely to succeed on the merits. This Court announced at the hearing, and further finds now, that this element is not met.

This Court cannot find that the plaintiff is likely to succeed on the merits. The Court notes that it did deny summary judgment for the defendants, finding that there were genuine issues of material fact concerning liability and damages in this action. However, such a finding does not mean that this Court would have granted summary judgment for the plaintiff had it filed such a motion. Moreover, this Court found in its order that there were several factual issues that remained which required the assistance of a fact-finder in order to determine where liability lies and what damages are actually available to the plaintiff. See ECF No. 139 *13-14. Additionally, the plaintiff's recitation of the facts and its allegations in the pretrial order, although helpful in guiding this Court in preparation for the trial, does not provide a basis for granting such an "extraordinary remed[y] involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc., 245 F.3d at 339 (citations omitted).

V. <u>Conclusion</u>

Based on the analysis above, the plaintiff's motion for prejudgment attachment is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   September 23, 2014

<u>/s/ Frederick P. Stamp, Jr.</u>  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE