IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TUBE CITY IMS, LLC,
a Delaware limited liability company,

    Plaintiff,

v.                                              Civil Action No. 5:12CV31
                                                          (STAMP)
SEVERSTAL US HOLDINGS, LLC,
a Delaware limited liability company,
SEVERSTAL WHEELING HOLDING COMPANY,
a Delaware corporation,
SEVERSTAL DEARBORN, LLC,
a Delaware limited liability corporation,
and SEVERSTAL COLUMBUS, LLC,
a Delaware limited liability company,

    Defendants.

**MEMORANDUM OPINION AND ORDER CONFIRMING
THE PRONOUNCED ORDER OF THE COURT
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION,
DENYING PLAINTIFF'S MOTION FOR
LEAVE TO FILE THIRD AMEND COMPLAINT AND
DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I. Background

The plaintiff, Tube City IMS, LLC ("plaintiff"), filed this civil action in the Circuit Court of Ohio County, West Virginia. The defendants removed this civil action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. The parties then reached a stipulation wherein the defendants agreed to permit the plaintiff to file a second amended complaint.[1] In the second amended complaint, the plaintiff alleges tortious

---

[1] An amended complaint had previously been filed in state court.

interference with contract against Severstal US Holdings, LLC ("SUSH") and Severstal Wheeling Holding Company ("SWHC") and civil conspiracy against all defendants. The plaintiff then voluntarily dismissed the civil conspiracy claim, which resulted in the dismissal of two defendants, Severstal Dearborn, LLC ("Severstal Dearborn") and Severstal Columbus ("Severstal Columbus"). As such, the two remaining defendants are SUSH and SWHC.

Thereafter, the plaintiff filed a motion for prejudgment attachment. This Court then held a hearing considering that motion. This Court denied plaintiff's motion for attachment, finding that both United States Supreme Court precedent and jurisdictional limitations barred granting plaintiff's motion. See ECF No. 147.

Following that hearing, the plaintiff filed a motion for reconsideration regarding this Court's denial of its motion for prejudgment attachment. ECF No. 148. The plaintiff then filed two notices of appeal regarding the same denial. See ECF Nos. 152, 154, and 163, respectively. Later, the plaintiff filed a subsequent motion seeking to convert its motion for reconsideration into a preliminary injunction pending appeal. ECF No. 153. In addition, the plaintiff also filed a motion to file a third amended complaint. ECF No. 149. In all of these motions, the plaintiff asserts that it has discovered new evidence and assets and that such evidence warrants the granting of attachment, or at least an

enjoinment of the defendants from the sale of their assets until additional discovery could be conducted. Because of the time sensitive nature of these motions and their consequences, as the sale of the property at issue was scheduled for September 15, 2014, this Court immediately ordered and held an immediate hearing. At the conclusion of this hearing conducted on September 15, 2014, this Court denied plaintiff's motion for a preliminary injunction, motion for leave to amend the complaint, and motion for reconsideration of this Court's denial of the motion for prejudgment attachment. This order sets forth those rulings in more detail.

## II. <u>Applicable Law</u>

A. <u>Motion for Leave to Amend the Complaint</u>

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

B.  Preliminary Injunction Pending Appeal

The United States Court of Appeals for the Fourth Circuit has recognized that "preliminary injunctions are extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1992)) (internal quotations omitted).

In The Real Truth About Obama, Inc., the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a temporary restraining order or preliminary injunction should issue based on the Supreme Court's ruling in Winter. The four factors that the plaintiff must establish to obtain a preliminary injunction under this test are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

4

Id. at 346 (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)).

The issuance of a preliminary injunction is committed to the sound discretion of the district court. Conservation Council of North Carolina v. Costanzo, 505 F.2d 498, 502 (4th Cir. 1974). Further, in the case of a preliminary injunction pending appeal, as is the case here, the threshold requirements are even greater than normal. When faced with a motion for an injunction pending appeal under Rule 62(c), a court must engage in a balancing exercise, weighing four factors: (1) whether the movant will likely prevail "on the merits of the appeal," (2) whether the movant will suffer irreparable injury if the court denies the restoration of the injunction, (3) whether the restoration will harm other parties, and (4) whether granting the restoration serves the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991); Forry Inc. v. Neundorfer, Inc., 837 F.2d 259, 262 (6th Cir. 1988); A & B Steel Shearing & Processing, Inc. v. United States, 174 F.R.D. 65, 69 (E.D. Mich. 1997); see also Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970); Peck v. Upshur County Bd. of Educ., 941 F. Supp. 1478 (N.D. W. Va. 1996).

III. <u>Discussion</u>

A. <u>Motion to Amend the Complaint</u>

In its motion to file a third amended complaint, the plaintiff argues that based on its sudden discoveries regarding the various subsidiaries and assets of the defendants located in West Virginia, it must identify those items in its complaint. Specifically, plaintiff contends that these new assets require this Court to reconsider its denial of attachment as this Court found that the lack of property in West Virginia barred the plaintiff's requested relief. In response, at the hearing, the defendants argue that the motion to amend should be denied as it is untimely at this stage in the litigation. With trial set to begin on September 30, 2014, and the discovery deadline under this Court's scheduling order having passed, the defendants assert that the plaintiff's motion to amend is untimely. Further, the defendants contend that substantive delay and unfair prejudice will result if this Court grants the plaintiff's motion.

This Court denies plaintiff's motion to amend. First, this Court finds that the plaintiff's motion to amend is untimely under the scheduling order. <u>See</u> ECF No. 79. Second, the parties earlier stipulated and agreed to dismiss Severstal Dearborn and Severstal Columbus. The plaintiff, however, now seeks to amend the complaint to include Severstal Dearborn and Severstal Columbus because they provide a primary means of identifying "assets" in West Virginia so

as to warrant attachment. Finally, granting the motion to amend with trial set to begin in a few weeks would be unfairly prejudicial. It will create the need for additional discovery and untimely delay the proceedings of this action. Therefore, because plaintiff's motion to amend is untimely and unfairly prejudicial to the defendants, this Court denies such motion.

B. <u>Motion to Reconsider/Motion for Preliminary Injunction</u>

In its motion to reconsider and motion for a preliminary injunction pending appeal (collectively, "motion for a preliminary injunction pending appeal"), the plaintiff makes two arguments. First, the plaintiff argues that it has identified property in West Virginia belonging to the defendants. Specifically, the plaintiff claims that SUSH owns a membership interest in and the assets of Mountain State Carbon, LLC ("MSC"), located in Follansbee, West Virginia and a subsidiary of Severstal Dearborn and Severstal Columbus. Defining the interests as property, the plaintiff asserts that the property can be attached under West Virginia's attachment statute, as well as Federal Rules of Civil Procedure 64 and 65.[2] Second, because it identifies property belonging to the defendants in West Virginia, the plaintiff argues that it is likely to succeed on the merits, as well as satisfy the necessary factors

---

[2]It should be noted that the plaintiff asserts that the West Virginia property also includes the membership interests in and the assets of Mountain State Carbon, LLC and debts and payables owned by Mountain State Carbon, LLC to SUSH. ECF No. 153 *2.

7

to grant a preliminary injunction pending appeal. Thus, to avoid a miscarriage of justice, the plaintiff claims that this Court should grant its motion for a preliminary injunction pending appeal.

In response, at the hearing, the defendants assert four arguments in opposition to plaintiff's motions. First, the defendants contend that the plaintiff is unlikely to win on the merits of its pending appeal and thus, its motion should be denied. Second, the defendants argue that the plaintiff's requested relief from its original motion to attach and the current motion for preliminary injunction pending appeal are completely different. Specifically, the defendants assert that the plaintiff initially attempted to sequester the proceeds of the scheduled sale, while it now on this matter seeks to enjoin or attach the assets of the sale itself. Thus, the defendants argue that the plaintiff is untimely in its attempt to expand upon the relief sought with the second amended complaint. Additionally, the defendants claim that the property that SUSH allegedly owns does not belong to SUSH. Rather, the defendants assert that SUSH owns interests in Severstal Dearborn and Severstal Columbus, which in turn own membership interests in MSC. Because Severstal Dearborn and Severstal Columbus are subsidiaries, the property is owned by the subsidiaries and not the parent corporation. Further, the defendants assert that the parties already agreed to dismiss

Severstal Dearborn and Severstal Columbus as parties to this action. Therefore, the defendants contend that because a subsidiary's assets (here Severstal Dearborn and Severstal Columbus's membership interest in MSC) are not considered the assets of the parent corporation (SUSH), the attachment statute will not apply. Finally, the defendants argue that too great a hardship exists to justify a preliminary injunction. For the reasons stated below, this Court denies plaintiff's motion for a preliminary injunction pending appeal.

1. <u>Preliminary Injunction Pending Appeal</u>

As stated above, a plaintiff faces a high threshold when it requests a preliminary injunction pending appeal. Further, the Supreme Court has held that a preliminary injunction is not available in an action wherein the plaintiff is seeking a legal remedy rather than one in equity. <u>Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.</u>, 527 U.S. 308, 332-33 (1999).

In the prior motion for attachment, the plaintiff requested sequestration, attachment, or an injunction in regards to the proceeds of the sale. Now, the plaintiff is seeking something completely different. It appears that the plaintiff is seeking to attach or enjoin the alleged assets itself, rather than the sale proceeds. This Court views this as an attempt to amend or change the relief sought, and that is untimely at this stage. Accordingly, this Court examines the motion as applying to

9

plaintiff's initial request for attachment to the *proceeds* of the sale of the assets, not as plaintiff's currently modified version that seeks to attach the alleged assets themselves. Further, as this is a motion for preliminary injunction pending appeal, the order on appeal pertains to plaintiff's initial request for attachment or sequestration. Because of this, pursuant to the holding in Grupo Mexicano de Desarrollo S.A., 527 U.S. at 332-33, this Court again finds that the preliminary injunction cannot be granted. The plaintiff again is seeking a legal remedy and thus granting a preliminary injunction pending appeal would be improper and contrary to precedent.[3]

   2.   Assets Owned by a Subsidiary

Even if a preliminary injunction pending appeal could be granted for plaintiff, this Court again finds attachment or sequestration improper. Generally, "mere ownership of a subsidiary does not subject the parent corporation to personal jurisdiction in the state of the subsidiary." Action Mfg. Co. v. Simon Wrecking Co., 375 F. Supp. 2d 411, 420 (E.D. Pa. 2005). Accordingly, "a foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of stock of a subsidiary doing business in that state." Lucas v. Gulf & Western Industries, Inc., 666 F.2d 800, 805–806 (3d Cir. 1981) (abrogated

---

   [3]It should be noted that the United States Fourth Circuit Court of Appeals denied plaintiff's appeal on September 12, 2014. ECF No. 163.

10

on other grounds by EF Operating Corp. v. American Bldgs., 993 F.2d 1046, 1049 (3d Cir. 1993)); see also Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 336 (1925). Further, "[a] parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context." Dutoit v. Strategic Minerals Corporation, 735 F. Supp. 169, 171 (E.D. Pa. 1990) (refusing to find jurisdiction over a foreign corporation with a subsidiary in Pennsylvania because plaintiffs showed neither that the corporate formalities were disregarded in any significant way nor that the subsidiary acted as the parent's agent in Pennsylvania), aff'd, 922 F.2d 830 (3d Cir. 1990); see generally Dunn v. Printing Corp. of Am., 245 F. Supp. 875 (E.D. Pa. 1965); Packer v. Caesar's World, Inc., 387 N.Y.S.2d 851 (N.Y. 1976).

Where a wholly-owned subsidiary exists, however, some courts have found that they may exercise personal jurisdiction over the parent corporation, but only if the latter's "control over the subsidiary's activities is so complete that the subsidiary is . . . merely a department of the parent." Katz Agency, Inc. v. Evening News Ass'n, 514 F. Supp. 423, 428 (S.D.N.Y. 1981), aff'd sub nom. Katz Commc'ns, Inc. v. Evening News Ass'n, 705 F.2d 20 (2d Cir. 1983) (internal citations omitted) ("The rationale underlying this rule is aptly summarized . . .: 'Where the corporate distinction between the two firms is purely formal and the foreign corporation totally dominates the . . . corporation, treating the latter as a

mere incorporated division of the parent, a court is entitled to treat the two corporations as one.'" McLaughlin, Practice Commentaries, C301:3 (1972) (McKinney Supp. 1980))). Further, "the cases uniformly hold that there must be something more than the identity of officers as well as stock ownership in corporate set-ups in order to disregard the corporate fiction." Am. Anthracite & Bituminous Coal Corp. v. Amerocean S. S. Co., 131 F. Supp. 244, 248 (E.D. Pa. 1955).

In this civil action, the plaintiff has not shown that SUSH and MSC should be treated "as one." Rather, as mentioned above, SUSH owns interests in Severstal Dearborn and Severstal Columbus. These entities in turn own membership interests in MSC, a subsidiary. Not only have the parties earlier agreed to dismiss Severstal Dearborn and Severstal Columbus from this action, but the above case law on this matter also provides that a subsidiary's assets generally should not be treated as the assets of the parent corporation. Here, SUSH does not own assets in West Virginia for the purposes of attachment and thus granting the plaintiff's requested relief is not warranted.

## IV. Conclusion

Based on the analysis above, the plaintiff's emergency motion for reconsideration regarding the motion for prejudgment attachment (ECF No. 148); the plaintiff's motion for leave to file third amended complaint (ECF No. 149); and the plaintiff's motion for

preliminary injunction to treat emergency motion to reconsider motion for prejudgment attachment as a motion for an injunction pending appeal (ECF No. 153) are hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   September 23, 2014

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE