IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TUBE CITY IMS, LLC,
a Delaware limited liability company,

    Plaintiff,

v.                                                   Civil Action No. 5:12CV31
                                                                   (STAMP)
SEVERSTAL US HOLDINGS, LLC,
a Delaware limited liability company,
SEVERSTAL WHEELING HOLDING COMPANY,
a Delaware corporation,
SEVERSTAL DEARBORN, LLC,
a Delaware limited liability corporation,
and SEVERSTAL COLUMBUS, LLC,
a Delaware limited liability company,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING ORDER OF THE MAGISTRATE JUDGE
GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER
AND DENYING PLAINTIFF'S MOTION TO COMPEL**

I. Procedural History

The plaintiff, Tube City IMS, LLC, ("plaintiff") filed this civil action in the Circuit Court of Ohio County, West Virginia. The defendants removed this civil action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. The parties then reached a stipulation wherein the defendants agreed to permit the plaintiff to file a second amended complaint.[1] In the second amended complaint, the plaintiff alleges tortious

---

[1] An amended complaint had previously been filed in state court.

interference with contract against Severstal U.S. Holdings, LLC ("SUSH") and Severstal Wheeling Holding Company ("SWHC").

The parties then filed discovery motions. The defendants filed a motion for protective order against three deposition subpoenas the plaintiff had served on them. The plaintiff also filed a motion to compel asserting that SUSH has failed to provide discovery materials as to its closure of Severstal Dearborn and Severstal Columbus. This Court referred those motions to United States Magistrate Judge James E. Seibert. The magistrate judge then issued an order granting the defendants' motion for protective order and denying the plaintiff's motion to compel. The plaintiff has now filed objections to that order. The defendants have neither filed objections nor filed a response to the plaintiff's objections.

## II. Facts

A. Defendants' Motion for Protective Order

The discovery deadline in this action was July 17, 2014 and the plaintiff served three Federal Rule of Civil Procedure 45 subpoenas on August 8, 2014. The plaintiff stated in those subpoenas that it was taking the depositions of three employees/ officers of defendants before trial. The defendants assert that the plaintiff has not provided any explanation for the late subpoenas or for the plaintiff's failure to take these depositions during the discovery period. The defendants contend that it would

be extremely burdensome and prejudicial to comply with the subpoenas which would require preparing three witnesses for trial. In a footnote, the defendants note that the plaintiff has asserted that these are "evidentiary depositions" rather than "discovery depositions" and thus, they only needed to be served in time for trial. The defendants contend that such a distinction is not recognized by the United States Court of Appeals for the Fourth Circuit.

The plaintiff asserts, in response, that the Fourth Circuit recognizes "trial depositions." Further, the plaintiff contends that it had offered to withdraw two of the three subpoenas for concessions from the defendants and, without response, SUSH filed the protective order motion. The plaintiff also argues that it identified the former Severstal Sparrows Point, LLC General Manager Thomas Russo ("Russo"), the witness who they still wish to depose, during discovery. The plaintiff contends that Russo now resides in California, and is unavailable for trial. Further, the plaintiff asserts that it only learned of important details about Russo's relationship with this action one month before discovery ended and thus could not arrange to take a deposition.

In reply, the defendants argue that the Fourth Circuit has provided no clear guidance but that it is this district's regular practice to consider Rule 45 subpoenas as discovery subpoenas.

In his order, the magistrate judge noted that this district holds that Rule 45 subpoenas constitute discovery under Federal Rule of Civil Procedure 26 and thus are subject to scheduling order deadlines, with slim exceptions. Further, the magistrate judge found that there was no good cause for modification of the scheduling order and that the subpoenas/depositions fell within those deadlines and thus the protective order should be granted.

In its objections, the plaintiff avers that it is only seeking to preserve the testimony of Russo. The plaintiff further argues that it has good cause to do so. First, Russo is outside the subpoena power of this Court (California) and the plaintiff was told after close of discovery that he would not appear for trial. Additionally, Russo informed the plaintiff that he is afraid he will be punished by SUSH if he testifies truthfully. Moreover, the plaintiff contends that this Court and the Fourth Circuit have allowed such depositions to take place after the close of discovery and that the magistrate judge's finding was clearly erroneous and contrary to law.

B.  <u>Motion to Compel</u>

The plaintiff asserts in its motion to compel that SUSH has failed to provide discovery materials as to its closure of Severstal Dearborn and Severstal Columbus. The plaintiff contends that it requested SUSH to produce the transaction agreements for the closure to ensure that the plaintiff will not be precluded from

4

collecting a judgment. SUSH refused to answer the questions or to disclose any non-public information as SUSH claimed that those documents are unrelated to this litigation. The plaintiff contends that the documents may be related because if the documents do not have a reservation for liabilities, the plaintiff may need to seek injunctive relief to avoid being left with an uncollectible judgment. Further, the plaintiff avers that any confidential information is protected by the parties' protective order that is operating in this action.

In response, the defendants assert that the documents being sought by the plaintiff are now public through securities filings. Thus, the defendants argue that the motion is now moot. Further, the defendants contend that the documents are unrelated to this litigation as they involve two companies that are not parties and the plaintiff has no basis for such an argument because it is not entitled to the damages it has sought under a theory of double recovery.

In reply, the plaintiff asserts that the documents are not publicly available, only schedules are publicly available. The defendants then filed a motion for leave to file surreply. In their surreply, the defendants assert that they are neither the buyers nor the sellers in the questioned transactions and thus, the plaintiff should be aware of the fact that the transactions are not related to this transaction.

In his order, the magistrate judge found that the plaintiff had failed to demonstrate good cause for the requested relief. The magistrate judge found that the plaintiff had not offered evidence to refute the defendants' contention that the transactions are unrelated to this litigation.

In its objections, the plaintiff contends that the magistrate judge has no way of knowing whether the requested documents are unrelated without reviewing them. The plaintiff asserts that because of the sales, SUSH could "evaporate completely" and a settlement in the United States would be rendered useless. The plaintiff argues that unless it can determine whether that is a possibility, it will have to take the drastic measure of enjoining Severstal's transactions.

### III. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's

determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

IV. Discussion

A. Motion for Protective Order

The plaintiff argues in its objections that it has good cause for not seeking the deposition testimony of Russo before discovery closed because it learned new important details after the close of discovery. Further, the plaintiff asserts that Russo is outside of the 100 mile subpoena power of this Court. Additionally, the plaintiff asserts that this district and the Fourth Circuit acknowledge that certain depositions may be taken after discovery.

As to the plaintiff's assertion that the Fourth Circuit recognizes the use of such depositions, this Court finds that the case cited by the plaintiff is distinguishable. In Tatman v. Collins, 938 F.2d 509, 511 (4th Cir. 1991), the Fourth Circuit did note that depositions taken for discovery purposes or for evidentiary purposes may be introduced at trial. However, in that case, the deposition at issue was taken during discovery and the plaintiff later sought to introduce that deposition as testimony because the witness was outside the subpoena power of the Court. Id. at 510-11. Further, both parties had the opportunity to depose the witness during discovery as both parties were duly noticed of the deposition. Id. Thus, this Court finds that the recognition by the Fourth Circuit could fall into this Court's recognition of

"slim exceptions" to the use of depositions sought after the discovery deadline. Nickerson v. State Farm Ins. Co., 2011 WL 5119542 at *2 (N.D. W. Va. Oct. 27, 2011) (finding that Rule 45 subpoenas duces tecum constitute discovery under Rule 26, and are thus subject to the time limitations of Rule 16 scheduling orders with only slim exceptions).[2]

In this case, Russo's deposition is sought after discovery has closed and with little time for the defendants to prepare for a deposition before trial. The Fourth Circuit has not recognized a right to such a deposition. As such, the Tatman case does not support the plaintiff's objection and neither does this Court's precedent.[3]

Finally, Rule 16 of the Federal Rules requires that the court presiding over a civil action set a schedule by way of a scheduling order, which can only be modified "for good cause and with the

---

[2] Citing Martin v. Oakland County, 2008 WL 4647863 (E.D. Mich. Oct. 21, 2008) (No. 2:06-CV-12602); Rice v. United States, 164 F.R.D. 556 (N.D. Okla. 1995); Fabery v. Mid-South Ob-GYN, 2000 WL 35641544 (W.D. Tenn. May 15, 2008) (No. 06-2136 D/P); Mortgage Information Services, Inc. v. Kitchens, 210 F.R.D. 562 (W.D.N.C. 2002); Puritan Inv. Corp. v. ASLL Corp., 1997 WL 793569 (E.D. Pa. Dec. 9, 1997 (No. CIV.A.97-1580); Alper v. US, 190 F.R.D. 281 (D. Mass. 2000); Garvin v. So. States Ins. Exch. Co., 2007 U.S. Dist. LEXIS 63664, 2007 WL 2463282 (N.D. W. Va. Aug. 28, 2007) (No. 1:04-CV-73); Haught v. The Louis Berkman LLC, Civil Action No. 5:03-CV-109 (N.D. W. Va. Feb. 22, 2006).

[3] The Court notes that the plaintiff also cited Cornett v. Lexington Ins. Co., 2007 WL 2310035 (N.D. W. Va. Aug. 7, 2007). However, in that action the plaintiff had sought to perform the deposition before the close of discovery and had not been able to do so. Thus, that case is also distinguishable from this action.

judge's consent." Fed. R. Civ. P. 16(b)(4). The magistrate judge found that good cause had not been shown by the plaintiff. This Court believes that the magistrate judge's finding as to good cause was within the magistrate judge's broad discretion, especially given the timing of such motion and the fact that Russo had been known to the plaintiff early on during discovery. Accordingly, this Court finds that the plaintiff's objections should be overruled and the magistrate judge's order affirmed.

B. <u>Motion to Compel</u>

This Court finds that the plaintiff's objections to the magistrate judge's findings are moot. After the plaintiff filed objections to the magistrate judge's order, it also filed a motion for prejudgment attachment of the proceeds of the sale of Severstal Columbus and Severstal Dearborn. The evidence the plaintiff is seeking pursuant to its motion to compel was sought in support of the plaintiff's motion for prejudgment attachment. This Court denied that motion and the Fourth Circuit denied the plaintiff's appeal. Accordingly, the plaintiff's objections as to the motion to compel are overruled as moot. In addition, this Court finds that the magistrate judge's findings as to the motion to compel were not clearly erroneous or contrary to law.

V. <u>Conclusion</u>

Based on the analysis above, the report and recommendation of the magistrate judge is AFFIRMED as it is not clearly erroneous or

contrary to law.  ECF No. 126.  Accordingly, the defendants' motion for a protective order is GRANTED and the plaintiff's motion to compel is DENIED.  Further, the plaintiff's objections to the magistrate judge's order are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 24, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE