IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TUBE CITY IMS, LLC,
a Delaware limited liability company,

    Plaintiff,

v.                                        Civil Action No. 5:12CV31
                                                      (STAMP)
SEVERSTAL US HOLDINGS, LLC,
a Delaware limited liability company,
SEVERSTAL WHEELING HOLDING COMPANY,
a Delaware corporation,
SEVERSTAL DEARBORN, LLC,
a Delaware limited liability corporation,
and SEVERSTAL COLUMBUS, LLC,
a Delaware limited liability company,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.  Background

This case was removed to this Court from the Circuit Court of Ohio County, West Virginia. In its second amended complaint, the plaintiff, Tube City IMS, LLC ("Tube City"), asserts that the defendants conspired to close their wholly-owned subsidiary, Severstal Wheeling, Inc. ("Severstal Wheeling"), despite the knowledge that such a closure would cause Severstal Wheeling to breach its mill services contract with the plaintiff. Further, the second amended complaint alleges that the two remaining defendants in this action, Severstal US Holdings, LLC and Severstal Wheeling Holding Company ("the defendants"), eventually did close Severstal Wheeling and cause it to breach its contract with Tube City, thus

causing Tube City to suffer monetary losses. The second amended complaint asserts one cause of action, for tortious interference with contract against Severstal US Holdings ("SUSH"), and Severstal Wheeling Holding Company ("Wheeling"). Tube City then filed a motion for leave to file a third amended complaint in order to add a second cause of action regarding price adjustments. This Court denied that motion (ECF No. 131) and Tube City has now filed a motion for reconsideration of that denial.

In its motion, Tube City argues that this Court incorrectly found that the "requirement of intent" relates to the lack of "bad faith" that the arbitrator found during arbitration. Tube City asserts that because "bad faith" is not a required element for a tortious interference claim, this Court should not have implicated the arbitrator's decision. Further, Tube City contends that because bad faith was not a necessary finding to the arbitration, this Court could not find collateral estoppel. Additionally, the plaintiff argues that the conduct of SUSH was not part of the arbitration, rather it was the conduct of the "puppet" Severstal Wheeling. Thus, Tube City asserts that it had no fair opportunity to litigate the issue of SUSH's conduct during the arbitration as it relates to the price adjustment.

In response, the defendants argue that Tube City has not shown any errors that rise to the level of a manifest error of law. Further, the defendants contend that there are no legitimate errors

2

of law, manifest or otherwise.  The defendants assert that Tube City must show the underlying breach of contract claim in order to plead the tortious interference claim.  Because Tube City already did so during the arbitration, it is barred by collateral estoppel. Tube City's claim is thus futile because it is barred from asserting the necessary underlying breach or nonperformance of a contractual obligation in regards to the mill services contract/ operating services agreement ("OSA").  The defendants also argue that they cannot be found to have the requisite intent if the arbitrator found that Wheeling performed the contract in good faith.  Lastly, the defendants assert that this Court could have, alternatively, denied Tube City's motion based on a bar by the statute of limitations or that the amendment is untimely.

In reply, Tube City asserts that the arbitrator's dicta finding as to bad faith does not support this Court's ruling as that finding was nonessential to the breach of contract issue. Additionally, Tube City argues that it prevailed on its price adjustment claim in arbitration and thus has shown that Severstal Wheeling's breach of the OSA amounted to a nonperformance of a contractual obligation as to the price adjustment negotiations. Finally, Tube City contends that because bad faith is not a necessary requirement for tortious interference, its amendment is not futile.

## II. Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

## III. Discussion

This Court believes that it did not commit a clear error of law or a manifest injustice in denying Tube City's motion to amend its second amended complaint. Again, this Court finds that the underlying arbitration opinion collaterally estops Tube City from amending its second amended complaint to include the claim as to the price adjustment. Given the underlying law, this Court still

4

believes that the elements of collateral estoppel are met as Tube City has failed to show that neither a new contract was negotiated regarding the price adjustments nor that the arbitrator's decision did not go to the merits of the issue. Further, this Court still finds that the arbitrator's finding as to bad faith can be applied to the element of intent required to prove tortious interference. <u>Walnut St. Associates, Inc. v. Brokerage Concepts, Inc.</u>, 982 A.2d 94, 98 (Pa. Super. Ct. 2009) (listing "an intent on the part of the defendant to harm the plaintiff by interfering with [the] contractual relationship" as an element the plaintiff must prove). Moreover, this Court cannot find that such a finding was outside of the broad discretion this Court has concerning motions to amend pleadings. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). As such, this Court cannot find that it needs to correct manifest errors of law or fact in its order denying Tube City's motion to amend its second amended complaint.

Finally, this Court notes that a strong argument was made by the defendants, although not addressed in this Court's order denying the motion to amend, that the pricing adjustment claim was barred based on the applicable statute of limitations. Through deposition testimony, Joseph Curtin, the current Executive Chairman of Tube City (who was the Chief Executive Officer ("CEO") at the time period relevant to this litigation), stated that he felt that the defendants prevented Severstal Wheeling from negotiating price

5

adjustments in 2009. ECF No. 101 Ex. 1. Tube City had argued in response that this employee was not competent to testify as to his knowledge. However, it would seem usual that a CEO of a corporation would possess knowledge sufficient to be competent to testify on such matters. This testimony alone would have likely been enough to block Tube City's proposed amendment if this Court instead had not found that collateral estoppel was applicable to the amendment. Accordingly, the applicable two year statute of limitations for tortious interference claims would make Tube City's proposed amendment otherwise futile. <u>Maverick Steel Co. v. Dick Corp./ Barton Malow</u>, 54 A.3d 352, 355 (Pa. Super. Ct. 2012), re-argument denied (Oct. 25, 2012), appeal denied, 619 Pa. 723, 65 A.3d 415 (2013).

## IV. <u>Conclusion</u>

Based on the analysis above, this Court finds that Tube City's motion for reconsideration of this Court's denial of Tube City's motion to amend its second amended complaint is DENIED. ECF No. 133.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:       September 25, 2014

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE